IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0712-WJM-MDB

LOURDES M. TEODOSIO,
AMBER BROCK,
GAROON J. GIBBS-RACHO, and,
DAMON A. PARKS., SR., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

DAVITA, INC.,
THE BOARD OF DIRECTORS OF DAVITA, INC.,
THE PLAN ADMINISTRATIVE COMMITTEE OF DAVITA, INC. and,
JOHN DOES 1–30,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND SCHEDULING FAIRNESS HEARING**

---

    Lourdes M. Teodosio, Amber Brock, Garoon J. Gibbs-Racho, and Damon A. Parks, Sr. (collectively, "Plaintiffs") bring this putative class action on behalf of themselves and others similarly situated against DaVita, Inc. ("DaVita"), DaVita's Board of Directors, DaVita's Plan Administrative Committee, and thirty unnamed individuals (collectively, "Defendants") for alleged breaches of the fiduciary duty of prudence imposed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and failure to adequately monitor fiduciaries.  (ECF No. 20.)  On July 26, 2023, the Court granted in part and denied in part Defendants' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) (ECF No. 35).  (ECF No. 75.)

Currently before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Settlement Class, Approval of Class Notice, Approval of Plan of Allocation, and Scheduling of Fairness Hearing and Memorandum of Support ("Motion"). (ECF No. 92.) Having reviewed the Class Action Settlement Agreement (the "Settlement Agreement") dated January 15, 2024 (ECF No. 88-1 at 2–33), and the other exhibits submitted with the Settlement Agreement (*Id.* at 34–75; ECF Nos. 88-2–88-6), and being fully advised by the parties of all pertinent facts and law, IT IS HEREBY ORDERED THAT:[1]

1. **Preliminary Certification of the Settlement Class**. For the purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class, as defined in the Settlement Agreement between the Parties, meets the requirements of Rule 23(a), Rule 23(b)(1)(A), and Rule 23(b)(1)(B) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Settlement Class:

> All persons who participated in the Plan at any time from **March 23, 2016 through July 1, 2024** ("Class Period"), including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are the members of the Plan Administrative Committee of DaVita, Inc. during the Class Period.

(ECF No. 88-1 (minor alternations not indicated via brackets).)

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as they have in the Settlement Agreement.

2. **Nullification**.  This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representatives**.  The Court grants approval to the Named Plaintiffs Lourdes M. Teodosio, Amber Brock, Garoon J. Gibbs-Racho, and Damon A. Parks, Sr. to serve as Class Representatives with respect to the settlement.

4. **Class Counsel**. The Court appoints as Class Counsel for the Settlement Class Mark K. Gyandoh of the law firm CAPOZZI ADLER, P.C (312 Old Lancaster Road, Merion Station, PA 19066).

5. **Preliminary Approval of the Settlement Agreement**.  The proposed settlement set forth in the Settlement Agreement appears, upon preliminary review, to be fair, reasonable and adequate and is therefore PRELIMINARILY APPROVED subject to further consideration thereof at the Fairness Hearing, as provided in Paragraph 7 below.  The Court FINDS that the Notice of the proposed Settlement should **be given as provided in the Settlement Agreement and set forth in Paragraph 8 below.**

6. **Settlement Administrator**.  Angeion Group, LLC is approved as the Settlement Administrator of the settlement as set forth in the Settlement Agreement.

7. **Fairness Hearing**.  Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on **December 4, 2024 at 10:00 a.m., in**

**Courtroom A801 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3289** to consider final approval of the Settlement Agreement. The date and time of the Fairness Hearing shall be set forth in the Notice Class Action Settlement ("Notice").

8. **Notice to the Class**. The Notice, attached as Exhibit A to the Settlement Agreement, is approved as to form and content. (ECF No. 88-1 at 34–44.) The Court finds that the mailing of the Notice, substantially in the manner and form set forth in the Settlement Agreement, meets the requirements of Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to the Class Members.

By **July 16, 2024**, Defendants will provide the Settlement Administrator with a spreadsheet listing the names and last known addresses of the Class Members. By **August 2, 2024**, the Court orders that the Settlement Administrator shall cause a copy of the Notice, substantially in the form attached as Exhibit A (ECF No. 88-1 at 34–44), to be mailed by U.S. First Class Mail to potential Class Members at the addresses set forth in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort. By **August 26, 2024**, Class Counsel shall file with the Court proof, by appropriate declaration, of such mailing.

Notice mailings that are returned by the United States Postal Service ("USPS") as undeliverable will be reviewed for updated addresses and, where available, new addresses will be entered into the Settlement Administrator's database and the Notice will be mailed to the updated addresses. The Settlement Administrator shall

immediately re-mail any returned undelivered mail for which the USPS has provided a forwarding address.  The Settlement Administrator shall attempt to locate anyone whose Notice has been returned by USPS as undeliverable (and an updated address was not provided) by conducting a National Change of Address ("NCOA") search, given that the NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years.  Addresses found through NCOA searches will also be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.  Where an updated address was not available through a NCOA search, the Settlement Administrator shall conduct internet searches or engage a third-party search firm or lookup service, such as LexisNexis® Public Records, to conduct more rigorous searches for persons whose Notice is returned as undeliverable.  The search efforts set forth herein shall be undertaken as soon as practicable, and all such efforts must be concluded by **September 20, 2024.**

9. **Exclusion from the Settlement**.  Any Class Members who do not wish to participate in the settlement may request exclusion from the Class by submitting a signed request for exclusion to the Settlement Administrator.  To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the Class, and it must be received by the Settlement Administrator by **October 21, 2024.**

10. **Objections**.  Any Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing.  To be

considered, such statements must be sent to the Settlement Administrator via U.S. First Class Mail and be received by the Settlement Administrator by **October 21, 2024**, to be specified on the Notice. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class Counsel not later than three business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits written objections. An objector may withdraw his or her objections at any time. No Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided herein. Any Class Member who requests exclusion from the class may not also submit objections to the settlement. The Parties may file with the Court written responses to any filed objections no later than **November 4, 2024**.

11.     **Motion for Final Approval, Attorneys' Fees, and Class Representative Enhancements**. By **October 28, 2024,** Class Counsel's motion for final approval of the Settlement Agreement, attorneys' fees, costs, and class representative enhancements shall be filed with the Court and served on any timely objectors. Any response, in opposition or otherwise, to the motion must be filed with the Court no later than

**November 13, 2024.** Any reply in support of the motion shall be filed with the Court by **November 22, 2024**.

      12.     **Effect of the Settlement Agreement**. All members of the Settlement Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Settlement Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Settlement Agreement.

      13.     **Voiding the Settlement Agreement**. Section 12.1 of the Settlement Agreement provides five circumstances under which the Settlement Agreement "shall automatically terminate" and "thereby become null and void . . . ." (ECF No. 88-1 at 26.) If the Settlement Agreement is terminated due to the occurrence of any of these circumstances, this action will resume as it existed immediately prior to the execution of the Settlement Agreement.

      14.     **Order for Settlement Purposes**. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

      15.     **Use of Settlement Agreement and Ancillary Terms**. Neither the Settlement Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending

against any claims that were raised or could have been raised in this action or are similar to such claims.

16. To the extent the parties believe there to be other deadlines necessary to implement the terms of the Settlement Agreement, the parties may agree on such deadlines among themselves, **provided none of these additional deadlines are inconsistent with any provision of this Order.**

Dated this 1st day of July, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge