## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

LOURDES M. TEODOSIO, AMBER )
BROCK, GAROON J. GIBBS-RACHO and )
DAMON A. PARKS, SR., individually and ) Case No.: 1:22-cv-00712
on behalf of all others similarly situated, )
                                      )
                     Plaintiffs, )
         v. )
                                        )
DAVITA, INC., THE BOARD OF )
DIRECTORS OF DAVITA, INC., THE )
PLAN ADMINISTRATIVE COMMITTEE )
OF DAVITA, INC. and JOHN DOES 1-30, )
                                        )
                   Defendants. )

## PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
## REIMBURSEMENT OF EXPENSES AND PLAINTIFFS' CASE
## <u>CONTRIBUTION AWARDS AND MEMORANDUM IN SUPPORT</u>

## TABLE OF CONTENTS

I.  CERTIFICATION ....................................................................................................1

II.  INTRODUCTION ...................................................................................................1

III.  BACKGROUND ....................................................................................................2

IV.  STANDARD OF REVIEW ....................................................................................3

V.  ARGUMENT..........................................................................................................4

    A.  Plaintiffs' Request for Attorneys' Fees Is Reasonable .............................4

        1.  The Time and Labor Required ......................................................4

        2.  The Novelty and Difficulty of the Questions Involved ...............5

        3.  Factors 3 and 8, the Skill Requisite to Perform the Legal Services
            Properly and Counsel's Pedigree ..................................................6

        4.  Factors 4 and 7, the Preclusion of Other Employment by the
            Attorneys Due to Acceptance of the Case ...................................7

        5.  Factors 5 and 12, the Customary Fee and Awards in Similar Cases ..........8

        6.  Factors 6 and 10, this Was an "Undesirable" Contingent Fee Case ...........9

        7.  The Amount Involved and The Results Obtained......................................10

        8.  The Nature and The Length of The Professional Relationship with
            The Client................................................................................12

    B.  Other Considerations Merit Approval of The Fee Request ...................12

        1.  A Lodestar Crosscheck Fully Supports Class Counsel's Requested
            Attorney's Fees .........................................................................12

        2.  Receipt of Only One Objection Further Supports the Adequacy of
            the Requested Attorneys' Fees...................................................13

    C.  The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred .............15

    D.  The Requested Case Contribution Awards For the Class Representatives
        Are Reasonable ..........................................................................16

VI.     CONCLUSION................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bahnmaier v. Wichita State Univ.*,
No. 20-cv-02246, 2021 WL 3662875 (D. Kan. Aug. 18, 2021) .....................................................3

*Bailes v. Lineage Logistics, LLC*,
No. 15-cv-2457, 2017 WL 4758927 (D. Kan. Oct. 2017) ............................................................4

*Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*,
504 F. Supp. 3d 265 (S.D.N.Y. 2020) ..............................................................................1, 9, 13

*Bell v. Pension Comm. of ATH Holding Co., LLC*,
2019 WL 4193376 (S.D. Ind. Sept. 4, 2019) ...............................................................................1

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ......................................................................................................................3

*Breckenridge Brewery of Colorado, LLC v. Xcel Energy, Inc.*,
No. 06-cv-01110, 2021 WL 4060386 (D. Colo. July 23, 2021) .................................................15

*Brown v. Phillips Petroleum Co.*,
838 F.2d 451 (10th Cir. 1988) .....................................................................................................4

*Cates v. Trustees of Columbia Univ.*,
No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021) .................................................2

*In re Cendant Corp. PRIDES Litig.*,
243 F.3d 722 (3d Cir. 2001) ......................................................................................................13

*Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII- A, L.P.*,
888 F.3d 455 (10th Cir. 2017) ...................................................................................................16

*Clark v. Duke Univ.*,
No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019) ..................................................2

*In re Crocs. Secs. Litig.*,
2014 WL 4670886 (D.Colo. Sep. 18, 2014) ............................................................................9, 12

*Diaz v. BTG Int'l Inc.*,
No. 19-cv-1664, 2021 WL 2414580 (E.D. Pa. June 14, 2021) .................................................7, 9

*Feinberg v. T. Rowe Price Grp.*,
610 F.Supp.3d (D.C. Md. Jul 6, 2022) .....................................................................................9, 14

iii

*Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
No. 15-cv22782, 2017 WL 7798110 (S.D. Fla. Dec. 18, 2017) ............................................1, 7, 9

*In re Global Crossing Securities and Erisa Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ...............................................................................................11

*Gottlieb v. Barry*,
43 F.3d 474 (10th Cir. 1994) .......................................................................................................3

*Griffin v. Flagstar Bancorp, Inc.*,
No. 10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) .........................................1, 11

*Hay v. Gucci America, Inc.*,
No. 17-cv-7148 (D.N.J.) ..............................................................................................................2

*Henderson v. Emory Univ.*,
No. 16-cv-2920, 2020 WL 9848978 (N.D. Ga. Nov. 4, 2020) .........................................12, 15, 16

*Johnson v. Georgia Highway Express, Inc.*,
488 F.2d 714 (5th Cir. 1974) ..............................................................................................3, 4, 14

*Karpik v. Huntington Bancshares Inc.*,
No. 17-cv-1153, 2019 WL 7482134 (S.D. Ohio Feb. 18, 2021) .................................................1

*Kelly v. Johns Hopkins Univ.*,
No. 16-cv-2835, 2020 WL 434473 (D. Md. Jan. 28, 2020).....................................................1, 9

*Krueger v. Ameriprise Financial*,
2015 WL 4246879 (D. Minn. July 13, 2015) .............................................................................10

*Kruger v. Novant Health, Inc.*,
No. 14-cv-208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) .....................................5, 9, 11, 16

*In re Marsh ERISA Litigation*,
265 F.R.D. 128 (S.D.N.Y. 2010) ...............................................................................................14

*Marshall v. Northrop Grumman Corp.*,
No. 16-cv-6794, 2020 WL 5668935 (C.D. Cal. Sep. 18, 2020) ...............................................1, 9

*McNeilly v. Spectrum Health System*,
No. 20-cv-00870 (W.D. Mich. 2023) ..........................................................................................9

*Mehling v. New York Life Ins. Co.*,
248 F.R.D. 455 (E.D. Pa. 2008)................................................................................................11

*O'Dowd v. Anthem, Inc.*,
No. 14-cv-02787, 2019 WL 4279123 (D. Colo. Sept. 9, 2019) .............................................3, 7

*Pinnell v. Teva Pharmaceuticals USA, Inc.*,
No. 19-cv-05738 (E.D. Pa.) ........................................................................................................2

*Pledger v. Reliance Trust Co.*,
2021 WL 2253497 (N.D. Ga. Mar. 8, 2021).........................................................................*Passim*

*In re Prudential*,
148 F.3d 283 (3d Cir.1998).......................................................................................................13

*In re Qwest Communications International, Inc. Securities Litig.*,
625 F.Supp.2d 1143 (D. Colo. 2009) ......................................................................................15

*Ramos v. Banner Health*,
2020 WL 6585849 (D. Colo. Nov. 10, 2020) .....................................................................1, 5, 9

*Rodriguez v. 5830 Rest. Corp.*,
No. 21-cv-01166, 2023 WL 1507195 (D. Colo. Feb. 3, 2023)...................................................4

*Rothe v. Battelle Mem'l Inst.*,
No. 18-cv-03179, 2021 WL 2588873 (D. Colo. June 24, 2021) ...........................................9, 10

*In re Schering-Plough Corp. Enhance ERISA Litig.*,
2012 WL 1964451 (D.N.J. May 31, 2012) ...............................................................................6

*Shaw v. Interthinx, Inc.*,
2015 WL 1867861 (D. Colo. April 21, 2015)..................................................................7, 10, 12

*Smith v. Krispy Kreme Doughnut Corp.*,
No. 05-cv-00187, 2007 WL 119157 (M.D.N.C. Jan. 10, 2007) ................................................6

*Spano v. Boeing Co.*,
No. 06-cv-0743 (S.D. Ill) .......................................................................................................2, 9

*In re Syngenta AG Mir 162 Corn Litig.*,
61 F.4th 1126 (10th Cir. 2023) .............................................................................................9, 12

*Teets v. Great-W. Life & Annuity Ins. Co.*,
315 F.R.D. 362 (D.Colo. 2016) ................................................................................................5

*Troudt et al. v. Oracle Corp., et al.*,
No. 16-cv-00175 (D. Colo, July 10, 2020) ........................................................................1, 9, 16

v

*Tussey v. ABB, Inc.*,
No. 06-cv-04305, 2019 WL 3859763 (W.D.Mo. Aug. 16, 2019) ..................................................9

*Tussey v. ABB, Inc*.,
2012 WL 5386033 (W.D. Mo. Nov. 2, 2012)....................................................1, 6, 16

*U.S. Bank Nat'l Assoc. v. Dexia Real Estate Capital Mkts.*,
No. 12-cv-9412, 2016 WL 6996176 (S.D.N.Y. Nov. 30, 2016)....................................................12

*Uselton v. Commercial Lovelace Motor Freight, Inc.*,
9 F.3d 849 (10th Cir. 1993) ....................................................................................3

*In re Wachovia Corp. ERISA Litig.*,
No. 09-cv-262, 2011 WL 7787962 (W.D.N.C. Oct. 24, 2011)....................................................5

**STATUTES**

FED. R. CIV. P. 23(h) .......................................................................................3, 15

**Other Sources**

Herbert Newberg & Alba Conte, Newberg on Class Actions, (3d ed.1992) ..........................13, 15

Employee Retirement Income Security Act of 1974 ............................................................*Passim*

## I.      CERTIFICATION

Counsel for Plaintiffs (defined herein) certifies that, pursuant to D.C.Colo.LCivR 7.1(a), counsel conferred in good faith with counsel for Defendants by email on November 5, 2024 concerning this motion. On November 5, 2024, Counsel for Defendants authorized counsel for Plaintiffs to state "Defendants take no position regarding Plaintiffs' request in the motion which is consistent with the terms of the Settlement Agreement."

## II.     INTRODUCTION

Plaintiffs, Lourdes M. Teodosio, Amber Brock, Garoon J. Gibbs-Racho, and Damon A. Parks, Sr. (collectively, "Plaintiffs"), by and through their undersigned counsel on behalf of the DaVita Retirement Savings Plan (the "Plan"), respectfully submit this Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and Plaintiffs' Case Contribution Awards and Memorandum in Support. The instant motion is being filed concurrently with Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation, and Memorandum in Support ("Final Approval Memorandum").

Plaintiffs herein request an award of attorneys' fees of thirty-three and one third percent (33 1/3%) of the Settlement Amount of $2,000,000.00 (a maximum amount of $666,600). Courts routinely award counsel fees of 33 1/3% in analogous ERISA class actions.[1] In addition, Plaintiffs

---

[1] *See, e.g., Troudt v. Oracle Corp.*, No. 16-cv-00175, Slip Op. (D. Colo. July 10, 2020) (attached as Exhibit 14); *Ramos v. Banner Health,* No. 15-cv-2556, 2020 WL 6585849, at *4-5 (D. Colo. Nov. 10, 2020); *Bekker v. Neuberger Berman Grp. 401(k) Plan Inv. Comm.*, 504 F. Supp. 3d 265, 270 (S.D.N.Y. 2020); *Pledger v. Reliance Trust Co.*, No. 15-cv-4444, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021); *Karpik v. Huntington Bancshares Inc.*, No. 17-cv-1153, 2019 WL 7482134, at *7 (S.D. Ohio Feb. 18, 2021); *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *8 (E.D. Mich. Dec. 12, 2013); *Fernandez v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 15-cv-22782, 2017 WL 7798110, at *4 (S.D. Fla. Dec. 18, 2017); *Kelly v. Johns Hopkins Univ.*, No. 16-cv-2835, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020); *Marshall v. Northrop Grumman Corp.*, No. 16-cv-6794, 2020 WL 5668935, at *3 (C.D. Cal. Sep. 18, 2020); *Tussey v. ABB, Inc.*, No. 06-cv-04305, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019); *Bell v. Pension Comm. of ATH Holding Co., LLC*, No. 15-cv-02062, 2019 WL 4193376 (S.D. Ind. Sept. 4, 2019);

request reimbursement of out-of-pocket costs and expenses incurred in connection with the prosecution of this Action[2] in the amount of $17,645.95. Class Counsel also asks the Court to approve the payment of Case Contribution Awards in the amount of $10,000.00 to each Plaintiff in recognition of their contributions to this Action.

## III.    BACKGROUND

To avoid unnecessary repetition, Plaintiffs refer to, and incorporate, the discussion of the procedural history of this case from their memorandum in support of preliminary approval of the Settlement. *See* ECF No. 92, pp. 2-3; *see also* Declaration of Mark K. Gyandoh ("Gyandoh Decl.") (ECF No. 103), ¶¶3-36 (detailing the procedural history, discovery practice, mediation, and settlement terms). In pertinent part, Plaintiffs, through Class Counsel, diligently investigated the merits of this Action prior to filing suit on March 23, 2022. *See* Gyandoh Decl., ¶3. Plaintiffs' counsel engaged consulting experts, analyzed publicly filed information regarding the Plan and investments, and analyzed Plaintiffs' documents regarding their Plan participation. *Id*. After the case was filed, the Parties engaged in contentious litigation at the motion to dismiss stage, with the Parties submitting a combined nine notices of supplemental authorities. *Id*., ¶¶4-7. On July 26, 2023, this Court issued an Order granting in part and denying in part Defendants' motion to dismiss. *See* ECF No. 75. Following the Court's motion to dismiss decision, the Parties engaged in significant fact discovery. *See* Gyandoh Decl., ¶¶11-21.

Settlement discussions began in the summer of 2023. *See* Gyandoh Decl., ¶22. On October

---

*Clark v. Duke Univ.*, No. 16-cv-1044, 2019 WL 2579201 (M.D.N.C. June 24, 2019); *Cates v. Trustees of Columbia Univ.*, No. 16-cv-06524, 2021 WL 4847890 (S.D.N.Y. Oct. 18, 2021); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 19-cv-05738, 2021 WL 5609864, at *2 (E.D. Pa. June 11, 2021); *Hay v. Gucci America, Inc.*, No. 17-cv-7148 (D.N.J.); *Spano v. Boeing Co.*, No. 06-cv-0743, 2016 WL 3791123, at *4 (S.D. Ill. Mar. 31, 2016).

[2] Undefined terms herein shall have the meaning ascribed to them in the Settlement Agreement.

27, 2023, the Parties engaged in a full-day mediation session with Robert Meyer, Esq. of JAMS,

an experienced ERISA mediator. *Id.*, ¶¶23-24. The Parties evaluated numerous damages scenarios

and were able to evaluate the strengths and weaknesses of their respective arguments. *Id.* The

mediation was a success, and on January 25, 2024, Plaintiffs filed their Unopposed Motion for

Preliminary Approval Of Class Action Settlement, Preliminary Certification Of Settlement Class,

Approval Of Class Notice, Approval Of Plan Of Allocation, And Scheduling Of Fairness Hearing,

and their supporting memorandum. *See* ECF No. 92. On July 11, 2024, this Court issued its

Amended Order granting Plaintiffs' motion, setting the deadline to object to the Settlement as

October 21, 2024, and scheduling a final fairness hearing for December 4, 2024. *See* ECF No. 96.

## IV.    STANDARD OF REVIEW

Plaintiffs' attorneys in a class action may petition the court for compensation for any award

to the class resulting from the attorneys' efforts. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472

(1980). Pursuant to Federal rules, "the court may award reasonable attorney's fees and nontaxable

costs that are authorized by law or by the Parties' agreement." FED. R. CIV. P. 23(h). "In common

fund cases, the Tenth Circuit has 'recognized the propriety of awarding attorneys' fees ... on a

percentage of the fund, rather than lodestar, basis.'" *O'Dowd v. Anthem, Inc.*, No. 14-cv-02787, 2019

WL 4279123, at *16 (D. Colo. Sept. 9, 2019) (quoting *Uselton v. Commercial Lovelace Motor Freight,

Inc.*, 9 F.3d 849, 853 (10th Cir. 1993)). In evaluating the reasonableness of attorney's fees, "the

Tenth Circuit's hold[s] that 'in all cases, whichever method is used, the court must consider the

twelve *Johnson* factors'" derived from *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th

Cir. 1974). *Bahnmaier v. Wichita State Univ.*, No. 20-cv-02246, 2021 WL 3662875, at *3 (D. Kan.

Aug. 18, 2021) (quoting *Gottlieb v. Barry*, 43 F.3d 474, 483 (10th Cir. 1994)). These factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly; (4) the preclusion

3

of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.*

"The Tenth Circuit has recognized that all of these factors are 'rarely applicable' in one case." *Id.* In this Action, the *Johnson* factors weigh in favor of approving the requested fee.

## V.    ARGUMENT

### A.    Plaintiffs' Request for Attorneys' Fees Is Reasonable

#### 1.    The Time and Labor Required

"Although the time-and-labor factor carries less weight in common fund cases, 'it is a relevant factor and the availability of contemporaneous time records enhances the trial court's ability to properly evaluate it.'" *Bailes v. Lineage Logistics, LLC*, No. 15-cv-2457, 2017 WL 4758927, at *4 (D. Kan. Oct. 2017) (quoting *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 n.3 (10th Cir. 1988)). When examining the first *Johnson* factor, courts consider the time and labor related to "investigating [and] developing" a case before filing the complaint, preparation for mediations, and negotiations on top of the adversarial and discovery phases. *Rodriguez v. 5830 Rest. Corp.*, No. 21-cv-01166, 2023 WL 1507195, at *9 (D. Colo. Feb. 3, 2023).

Class Counsel effectively and efficiently litigated this Action from its inception until now. Their extensive efforts included, *inter alia*, the investigation of Plaintiffs' claims, opposing Defendants' Motion to Dismiss, significant fact discovery, mediation preparation, meeting with the Independent Fiduciary, and achieving the ultimate settlement of this case. Like similar ERISA breach of fiduciary duty class actions, "Class Counsel worked for over six months before filing suit […] Class Counsel's work included meeting with the Plans' participants, obtaining documents

4

from public sources and the Retirement Plus Plan administrator, reviewing and analyzing plan documents and financial statements, building on expertise regarding industry practices, conducting extensive legal research, and fashioning the causes of action." *Kruger v. Novant Health, Inc.*, No. 14-cv-208, 2016 WL 6769066, *3 (M.D.N.C. Sept. 29, 2016); *see also* Gyandoh Decl., ¶¶3, 79. Further, the motion to dismiss stage was contentious, as evidenced by the Parties' numerous supplemental authorities and the partial dismissal of Plaintiffs' claims. *See* Gyandoh Decl., ¶¶4-7. Class Counsel dedicated very substantial time and effort, expending over 437 hours of time to date. *Id.*, ¶48.

The above hours do not include time to be spent on preparing and attending the Fairness Hearing, communications with Settlement Class members, and monitoring Defendants' compliance with the Settlement. Gyandoh Decl., ¶53. Class Counsel minimized expenses by utilizing its own ERISA expertise, where necessary, controlling costs by eliminating travel expenses without sacrificing the national expertise they brought to benefit the Class. With over 437 hours of time spent on this litigation, Class Counsel have been both diligent and efficient in obtaining a meaningful recovery for the Class and the Plan. As explained *infra*, a lodestar cross check of the requested fee represents a risk multiplier of 2.2, well within the range approved by courts.

### 2. The Novelty and Difficulty of the Questions Involved

With respect to the novelty and difficulty of the questions involved in this Action, district courts in this Circuit and around the country have granted the plaintiffs' motion for attorneys' fees because, "ERISA is 'an enormously complex and detailed statute'" that requires "specialized expertise to properly litigate." *Ramos*, 2020 WL 6585849, at *4 (quoting *Teets v. Great-W. Life & Annuity Ins. Co.*, 315 F.R.D. 362, 370 (D.Colo. 2016)); *see also Pledger*, 2021 WL 2253497, at *7 ("This litigation involved highly technical knowledge of investment plans, investment

knowledge, and industry practices."); *In re Wachovia Corp. ERISA Litig.*, No. 09-cv-262, 2011 WL 7787962, at *4 (W.D.N.C. Oct. 24, 2011) ("ERISA litigation of the type presented here is a rapidly evolving and demanding area of the law. New precedents are frequently issued, and the demands on counsel and the Court are complex and require the devotion of significant resources."); *In re Schering-Plough Corp. Enhance ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *5 (D.N.J. May 31, 2012) (similar); *Smith v. Krispy Kreme Doughnut Corp.*, No. 05-cv-00187, 2007 WL 119157, at *2 (M.D.N.C. Jan. 10, 2007) (similar). Accordingly, this factor also supports Class Counsel's fee request.

### 3. Factors 3 and 8, the Skill Requisite to Perform the Legal Services Properly and Counsel's Pedigree

"[I]t takes skilled counsel to manage a nationwide class action, carefully analyze the facts and legal claims and defenses under ERISA, and bring a complex case to the point at which settlement is a realistic possibility." *Smith*, 2007 WL 119157, at *2. Thus, "this factor tends to support the reasonableness of the requested fee award." *Id.*; *see also Tussey*, 2012 WL 5386033 at* 3 ("It is well established that complex ERISA litigation involves a national standard and special expertise."). Here, Plaintiffs retained attorneys who are highly qualified, experienced, and able to litigate this matter. Mr. Gyandoh, a partner and Chair of the Fiduciary Practice Group at Capozzi Adler, is a highly qualified ERISA class action attorney and unequivocally recommends this Settlement. Gyandoh Decl., ¶¶1-2; 29, 67-77. Additionally, Capozzi Adler has been named Lead or Co-Lead interim Class Counsel in numerous breach of fiduciary duty class actions in this District and across the nation. *Id.* at ¶¶71-72.

Throughout the litigation, Class Counsel has used its experience and access to resources to investigate and litigate Plaintiffs' underlying allegations, which ultimately led to the Settlement in this Action. Class Counsel have a combined decades of experience in complex class actions and

recommend this Settlement as the best solution for Settlement Class members. In *Diaz v. BTG Int'l Inc.*, the court appointed the undersigned as settlement Class Counsel in an analogous ERISA case and stated that counsel "appear[s] well-qualified to weigh the risks and benefits of continued litigation as compared to the relief provided by the Settlement." No. 19-cv-1664, 2021 WL 2414580, at *8 (E.D. Pa. June 14, 2021). Class Counsel's skill and expertise in this Action similarly weighs in favor of the requested attorneys' fee award.

### 4. Factors 4 and 7, the Preclusion of Other Employment by the Attorneys Due to Acceptance of the Case

"There is an inherent preclusion of other work in litigating a complex case such as this on a contingency fee basis." *Shaw v. Interthinx, Inc*., No. 13-cv-01229, 2015 WL 1867861, at *6 (D. Colo. Apr. 21, 2015); *see also O'Dowd*, 2019 WL 4279123, at *17 ("given that Class Counsel spent a significant number of hours on this matter on a contingent fee basis, it is reasonable to expect that this case precluded other work."). Indeed, courts analyzing ERISA attorneys' fees have found this factor satisfied because, "but for the time and effort they spent in this case, and given the demand for their services attributable to their high level of skill and competence, Plaintiffs' attorneys would have spent significant time on other matters. Class Counsel was compelled at various times during the litigation to work under significant time pressure and had to commit significant resources." *Pledger* 2021 WL 2253497 at *7; *see also Fernandez,* 2017 WL 7798110, at *4 (similar). As discussed above and in the Final Approval Memorandum, the risks of an unsuccessful result in this Action, and therefore non-payment, were significant. Further, as reflected by the sheer number of hours devoted by the attorneys and staff involved in litigating this case, a substantial amount of their time was devoted to this case at the preclusion of other work. *See* Gyandoh Decl., ¶48.

**5.        Factors 5 and 12, the Customary Fee and Awards in Similar Cases**

Courts may consider "factors five and twelve together." *Rothe v. Battelle Mem'l Inst.*, No.
18-cv-03179, 2021 WL 2588873, at *9 (D. Colo. June 24, 2021). Plaintiffs are seeking an award
of fees in the amount of 33 1/3% of the common fund, which satisfies both the customary fee for
common fund cases in this District and awards granted in similar ERISA class actions. Indeed,
"[c]ourts in the Tenth Circuit have noted that the typical fee award in complex cases is around one
third of the common fund." *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351, 2014 WL 4670886, at
*3 (D. Colo. Sept. 18, 2014) (listing cases); *see also Rothe,* 2021 WL 2588873, at *9 ("Courts in
this district have recognized that "[t]he customary fee to class counsel in a common fund settlement
is approximately one-third of the economic benefit bestowed on the class."); *In re Syngenta AG
Mir 162 Corn Litig.*, 61 F.4th 1126, 1142 (10th Cir. 2023) (upholding the lower court's finding,
including that "a one-third fee is customary in contingent-fee cases").

The court in *Pledger* approved an attorneys' fee award of one-third of the settlement fund
holding, "[t]he percentage used to calculate the requested fee in this case is consistent with
experienced attorneys who handle complex ERISA litigation, and has been found reasonable in
numerous cases in federal district courts." *Pledger*, 2021 WL 2253497, at *5,7; *see also Ramos*,
2020 WL 6585849, at *4-5 (awarding "one-third of any recovery plus expenses."); *Troudt*, 16-cv-
00175, slip op. at 3 (same); *McNeilly v. Spectrum Health System*, No. 20-cv-00870, slip op. (W.D.
Mich. 2023) (ECF No. 86-3); *Diaz*, 2021 WL 2414580; *Feinberg v. T. Rowe Price Grp.*, 610 F.
Supp. 3d 758, 769 (D. Md. 2022); *Kelly*, 2020 WL 434473, at *3; *Bekker*, 504 F. Supp. 3d at 270;
*Marshall*, 2020 WL 5668935, at *3; ); *Tussey*, 2019 WL 3859763; *Fernandez*, 2017 WL 7798110,
at *5; *Spano*, 2016 WL 3791123, at *2; *Kruger*, 2016 WL 6769066.

Moreover, in the course of his 19-year nationwide ERISA practice, Mr. Gyandoh has

worked with most if not all firms that have a national ERISA class action practice. In his experience, while there are invariably differences in rates between different firms – and even between rates for lawyers within the same firm with the same number of years of practice – Capozzi Adler's rates are broadly in line with rates of other firms with nationwide class action practices. *See* Gyandoh Decl., ¶¶56-66. Thus, Class Counsel's request for attorneys' fees is consistent with attorneys' fees routinely awarded by courts in ERISA class action cases and the customary fee in this District.

> **6.      Factors 6 and 10, this Was an "Undesirable" Contingent Fee Case**

While Class Counsel strongly believed in the merits of the Action, the Action was not without risk given the complex factual predicate. The economical and logistical unattractiveness of this case required a legal team with significant expertise in ERISA class action litigation who could manage this case in a cost-effective and comprehensive way. *See Krueger,* 2015 WL 4246879, at *1 ("Class Counsel was also exposed to great risk. Not only did they face the very real possibility of dismissal or denial of class certification, but ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation."). The Plaintiffs would not have been able to pursue this litigation other than on a contingency fee basis and no competent plaintiffs' lawyer or law firm would take on such risky representation for less than one-third of any monetary recovery. "Courts have recognized the importance of such arrangements, noting that many workers cannot retain counsel at fixed hourly rates…yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Shaw*, 2015 WL 1867861, at *7; *see also Rothe*, 2021 WL 2588873, at *10 ("This factor thus weighs in favor of the requested fees because Class Counsel assumed significant risk of nonpayment."). Thus, this factor supports granting the requested fee award.

### 7.    The Amount Involved and The Results Obtained

Undoubtedly, Class Counsel's efforts have created a $2,000,000.00 Gross Settlement Amount which is an excellent result when viewed in any light. In particular, the Settlement represents approximately 26% to 38% of the Settlement Class's estimated maximum realistic damages of $5.3 million to $7.7 million as calculated by Plaintiffs. Gyandoh Decl., ¶27. In ERISA cases, "the settlement amount's ratio to the maximum potential recovery need not be the sole, or even the dominant, consideration when assessing the settlement's fairness." *In re Global Crossing Securities and Erisa Litig.*, 225 F.R.D. 436, 461 (S.D.N.Y. 2004) (noting the risks and complexity of litigation justify smaller settlements); *see also Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (approving a settlement representing 20% of estimated damages in an ERISA class action). This Settlement was achieved only after arm's length negotiations during a full day mediation before a neutral mediation and between experienced counsel on both sides. The amount obtained is especially beneficial because the proposed Settlement occurred before incurring more costs and risks at the formal expert discovery stage, summary judgment stage, trial and appeals. *See Kruger*, 2016 WL 6769066, *3 (holding that an early settlement in an ERISA case "allows a class to achieve substantial savings and be able to invest those savings immediately – enjoying years' worth of returns that would not otherwise be available."); *Griffin v. Flagstar Bancorp, Inc.*, No. 10-cv-10610, 2013 WL 6511860, at *3 (E.D. Mich. Dec. 12, 2013) ("conducting merits and expert discovery in this ERISA action would be time consuming and costly."). Additionally, "most Class Members will not have to file a claim form but will automatically receive their distributions into their tax-deferred retirement accounts. This factor weighs in favor of the requested fee." *Pledger*, 2021 WL 2253497 at *8.

> 8. **The Nature and The Length of The Professional Relationship with The Client**

Counsel does not expect repeat business from any plaintiff in this case. Given the nature of Counsel's work, "the likelihood that many class members will be seeking additional representation from Class Counsel is slim." *Shaw*, 2015 WL 1867861, at *7. Like the wage and hour suits in *Shaw*, ERISA breach of fiduciary duty cases "do not lend themselves to continuous, long-term attorney-client relationships. This factor thus weighs in favor of the requested fee award." *Id*.

> B. **Other Considerations Merit Approval of the Fee Request**

> 1. **A Lodestar Crosscheck Fully Supports Class Counsel's Requested Attorneys' Fees**

Courts may use a lodestar crosscheck to confirm the reasonableness of the requested fee. *See In re Syngenta AG Mir 162 Corn Litig.*, 61 F.4th at 1141-42. The "lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys." *In re Crocs. Secs. Litig.*, 2014 WL 4670886, at *4 n. 4. Class Counsel have expended more than 437.40 hours on this case. *See* Gyandoh Decl., ¶48. The hours spent were necessary for prosecuting this litigation. The rates charged are consistent with rates charged by other firms specializing in nationwide ERISA class actions and have been approved by courts in numerous cases. *Id*., ¶¶56-66. Further, the rates are reasonable compared to nationwide ERISA class action defense firms. *Id*.; *see also U.S. Bank Nat'l Assoc. v. Dexia Real Estate Capital Mkts.*, No. 12-cv-9412, 2016 WL 6996176, at * 8 (S.D.N.Y. Nov. 30, 2016) (noting in 2016 that two large defense firms billed up to $1,055 per hour to a client); *Henderson v. Emory Univ.*, No. 16-cv-2920, 2020 WL 9848978, *2 (N.D. Ga. Nov. 4, 2020) (similar).

The lodestar amount does not include time to prepare and attend the Fairness Hearing, and to continue to supervise the Settlement fund (including corresponding with the Settlement Administrator, Class Members, and opposing counsel). Hourly rates vary appropriately between attorneys and paralegals depending on the position and experience. The rates are based on a reasonable hourly billing rate for such services given the geographical area, nature of the services provided, and the experience of the attorney. Considering the benefits of the Settlement, risks of continued litigation, and the experience of Class Counsel, the rates are reasonable. Specifically, Class Counsel has devoted approximately 437.40 hours to the prosecution of this Action resulting in a total lodestar of $298,282.50. When comparing the percentage fee request to the submitted lodestar, the requested fee award is clearly reasonable as it results in a multiplier of 2.2. This is well within the range endorsed by courts in ERISA cases.

"[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.'" *In re Cendant Corp. PRIDES Litig*., 243 F.3d 722, 742 (3d Cir. 2001) (citing *In re Prudential*, 148 F.3d 283, 341 (3d Cir.1998) (quoting 3 Herbert Newberg & Alba Conte, Newberg on Class Actions, S 14.03 at 14–5 (3d ed.1992)); *Bekker*, 504 F. Supp. 3d at 271 ("the lodestar multiplier is 5.85, which is within the range of reasonableness, particularly given the level of risk [counsel] assumed, the success they ultimately obtained, and the fact that the hourly rates identified are below those charged by other firms litigating in this field."). Thus, the 2.2 multiplier further confirms the reasonableness of Class Counsel's requested attorneys' fee award. Accordingly, the lodestar cross-check confirms an award of 33 and 1/3 percent is fair and reasonable.

### 2.    Receipt of Only One Objection Further Supports the Adequacy of the Requested Attorneys' Fees

The Class Notice, which was mailed to over 164,430 potential Settlement Class Members,

specified that Class Counsel would request attorneys' fees of up to 33 1/3% of the Class Settlement Amount. *See* Gyandoh Decl., ¶37. The deadline for filing objections passed on October 21, 2024 (*see* Preliminary Approval Order, ¶9), and there has only been one objection raised, representing less than 0.0006% of those who received mailed notice of the Settlement. *See* ECF No. 99, Cravey Objection Letter. However, as discussed below, the objection lacks merit. *See* Final Approval Memorandum at ECF No. 101 (addressing the objection letter in more detail).

Objector Cravey is concerned, *inter alia*, that the amount of legal fees requested is excessive. *See* ECF No. 99 at 3. Cravey does not specify how much she believes Class Counsel should be paid, nor discuss any of the *Johnson* factors. *Id*. Thus, her objection is meritless. Furthermore, the Independent Fiduciary has found that "[t]he fee request is also reasonable in light of the effort expended by Plaintiffs' counsel in the Litigation." *See* Gallagher Rpt., at 3 (attached as A). Gallagher is a well-known independent fiduciary, and, unlike Cravey, knows exactly how to assess the likely recovery to a plan and what is required of ERISA counsel. In *In re Marsh ERISA Litigation,* 265 F.R.D. 128 (S.D.N.Y. 2010), the court overruled an objection to Class Counsel's requested fee of 33 1/3% and expenses to be paid from the settlement fund and awarded the requested fees. The court reasoned in part "that the Independent Fiduciary has reviewed Lead Counsel's requests, and that she has no objection to the requested fees, expenses or case contribution awards." *Id*. at 151; *see also Feinberg*, 610 F. Supp. 3d at 769 (finding it persuasive that "an independent fiduciary reviewed the proposed settlement and determined not to object to any portion of it after interviewing counsel for both sides, reviewing filings, and researching the case."). The court in *Marsh* reasoned that: (1) ERISA 401(k) litigation is risky because of the "unsettled nature of the [ERISA] law[;]" (2) "Plaintiffs' Counsel had to contend with the traditional risks inherent in any contingent litigation[;]" (3) the fee was in line with fee awards in

14

similar cases; and (4) "Congress passed ERISA to promote the important goals of protecting and preserving the retirement savings of American workers." *Id*. at 147-50. The same is true here. Because there was only one objection to the fees and settlement, and that objection was meritless, this factor weighs in favor of approving the request for fees.

### C.    The Court Should Reimburse Plaintiffs' Counsel for Expenses Incurred

Class Counsel should also be reimbursed the $17,645.95 in litigation expenses advanced in prosecuting this case under FED. R. CIV. P. 23(h). "As with attorney fees, the common fund doctrine allows for an award of costs so that the beneficiaries of the fund share the cost of creating the fund." *In re Qwest Communications International, Inc. Securities Litig.*, 625 F.Supp.2d 1143, 1154 (D. Colo. 2009). "Reimbursable expenses include expert fees, travel, long-distance and conference telephone, postage, delivery services, and computerized legal research." *Breckenridge Brewery of Colorado, LLC v. Xcel Energy, Inc.*, No. 06-cv-01110, 2021 WL 4060386, at *5 (D. Colo. July 23, 2021) (quoting Alba Conte, 1 *Attorney Fee Awards* § 2:19 (3d ed.)).

Plaintiffs' counsel incurred costs related to filing fees and legal research, among other items. *See* Gyandoh Decl., ¶¶46-47. Importantly, Class Counsel brought this case without guarantee of reimbursement or recovery, so they actively worked to keep costs to a reasonable level. Indeed, "[e]xpense limitation and efficiency is inherent in contingent fee arrangements because class counsel bears the risk of absorbing all case expenses if the case is ultimately unsuccessful." *Breckenridge Brewery,* 2021 WL 4060386 at *5n.3 (listing cases); *see also Henderson*, 2020 WL 9848978, at *4 (recognizing that "Class Counsel brought this case without guarantee of reimbursement or recovery. There was a strong incentive to limit costs."). Granting Plaintiffs' counsel's request for cost reimbursement is warranted.

**D.    The Requested Case Contribution Awards for the Class Representatives Are Reasonable**

Plaintiffs request Class Representatives Lourdes M. Teodosio, Amber Brock, Garoon J. Gibbs-Racho, and Damon A. Parks, Sr. be granted a Case Contribution Award in compensation for the time and effort they expended in successfully prosecuting this case. Such awards acknowledge representative plaintiffs' hard work and sacrifices in support of the class, as well as their promotion of the public interest. "[C]ourts regularly give incentive awards to compensate named plaintiffs for the work they performed – their time and effort invested in the case." *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII- A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2017). "A substantial incentive award is appropriate in [a] complex ERISA case given the benefits accruing to the entire class in part resulting from [named plaintiff's] efforts." *Henderson*, 2020 WL 9848978, at *4 (citations omitted). Especially because Plaintiffs here "risked their reputation and alienation from employers or peers in bringing an action against a prominent institution in their community." *Id.*

Here, Plaintiffs seek an award of $10,000 for each class representative, amounts that are well-deserved. Each of the Class Representatives has provided documents, reviewed the Complaints, and monitored Class Counsel and the progress of the litigation, including discussions about the terms of the Settlement. *See* Gyandoh Decl., ¶79. Each of the Plaintiffs have submitted declarations in support of their requests for case contribution awards. The declarations are attached to the Gyandoh Declaration as Exhibits 8, 9, 10, and 11. Substantially larger awards have been approved in comparable cases. *See, e.g., Troudt,* No. 16-cv-00175, slip op. at 9 (awarding $25,000 to each named plaintiff); *Henderson*, 2020 WL 9848978, at *4, (same); *Kruger*, 2016 WL 6769066, at *6 (same); *Tussey*, 2012 WL 1113291, at *21 (same).

## VI.    CONCLUSION

Plaintiffs respectfully request that the Court: (1) award attorneys' fees in the amount of $666,600; (2) approve the reimbursement of litigation expenses in the amount of $17,645.95; and (3) approve Case Contribution Awards in the amount of $10,000 to each Plaintiff.

Dated: November 14, 2024                    Respectfully submitted,

                                            **CAPOZZI ADLER, P.C.**

                                            */s/Mark K, Gyandoh*
                                            Mark K. Gyandoh, Esquire
                                            (admitted *pro hac vice*)
                                            James A. Wells, Esquire
                                            (admitted *pro hac vice*)
                                            312 Old Lancaster Road
                                            Merion Station, PA 19066
                                            Tel: (610) 890-0200
                                            Fax (717) 233-4103
                                            Email: markg@capozziadler.com
                                                      jayw@capozziadler.com

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2024, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: _/s/Mark K. Gyandoh___
Mark K. Gyandoh, Esq.