**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 22-cv-0712-WJM-MDB

LOURDES M. TEODOSIO,
AMBER BROCK,
GAROON J. GIBBS-RACHO, and,
DAMON A. PARKS., SR., individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

DAVITA, INC.,
THE BOARD OF DIRECTORS OF DAVITA, INC.,
THE PLAN ADMINISTRATIVE COMMITTEE OF DAVITA, INC. and,
JOHN DOES 1–30,

    Defendants.

---

**FINAL ORDER APPROVING SETTLEMENT AGREEMENT,
ATTORNEY'S FEES AND COSTS, AND
CLASS REPRESENTATIVES' SERVICE PAYMENTS**

---

The Court held a hearing on December 4, 2024, to determine the fairness of the parties' proposed Settlement Agreement,[1] which was preliminarily approved in the Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a Date for a Fairness Hearing ("Preliminary Approval Order"). At the fairness hearing, the Court also addressed Plaintiffs' Unopposed Motion for Attorney Fees, Reimbursement of

---

[1] Except as otherwise defined herein, all capitalized terms used in this Final Order shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiffs, all Class Members, and Defendants, respectively.

Expenses, and Class Representative Service Awards.  Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED:**

1.   The Court has jurisdiction over the subject matter of the Action and over all Settling Parties, including all members of the Settlement Class.

2.   For the sole purpose of settling and resolving the Class Action, the Court certifies this action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.  The Settlement Class is defined as:

> All persons who participated in the Plan at any time during the Class Period (March 23, 2016 through the date of the Preliminary Approval Order), including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are the members of the Plan Administrative Committee of DaVita Inc. during the Class Period

3.   The Court finds for the sole purpose of settling and resolving the Class Action that:

(a)   as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)   as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

2

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiffs are typical of the claims of the Settlement Class that the Named Plaintiffs seek to certify;

(d) as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class;

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

(f) as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4. The Court hereby appoints Named Plaintiffs Lourdes M. Teodosio, Amber Brock, Garoon J. Gibbs-Racho, and DaMon A. Parks, Sr. as Class Representatives for

the Settlement Class and Capozzi Adler, P.C., as Class Counsel for the Settlement Class.

     5.     The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Awards to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement Website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

     6.     The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

     7.     Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Plan and the Settlement Class, and more particularly finds that:

     (a)     The Settlement was negotiated at arm's length, under the auspices of the Mediator, by Defense Counsel, on the one hand, and the Named Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

4

  (b) Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Class Action;

  (c) If the Settlement had not been achieved, Named Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

  (d) The amount of the Settlement, $2,000,000.00, is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Gross Settlement Amount is efficient and requires no filing of claims. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

  (e) At all times, the Named Plaintiffs and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

  (f) The Court has duly considered and overruled the sole filed objection to the Settlement.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9. The Court finds that all requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects except with respect to Section 1.39.2 of the Settlement Agreement which is modified as follows:

> Released Claims includes claims that arise out of, relate in any way to, are based on, or have any connection with (a) the overall structure, administration, management, or monitoring of the Plan's investment menu; (b) the selection, oversight, retention, removal, monitoring, compensation, fees, expenses, or performance of the Plan's investment options; (c) the selection, monitoring, oversight, retention, fees, expenses, or performance of the Plan's administrative and/or recordkeeping service providers; (d) disclosures or failures to disclose information regarding the Plan's investment options, fees, or administrative and/or recordkeeping service providers; (e) the monitoring and retention of Plan fiduciaries, including with respect to the Plan's investment options or administrative and/or recordkeeping service providers; (f) any alleged breach of the duty of loyalty, care, or prudence under ERISA relating to the Plan's investment options or administrative and/or recordkeeping service providers; and/or (g) prohibited transactions involving the Plan's administrative and/or recordkeeping services.

11. The Releases are effective as of the Settlement Effective Date. Accordingly, the Court orders that, as of the Settlement Effective Date, the Plan, the Class Representatives, and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), on their own behalf and on behalf of the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, whether or not such Class Members have received or will receive a monetary benefit

from the Settlement, whether or not such Class Members have actually received the Settlement Notice or read the Settlement Notice, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or the releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representatives and Class Members waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13. The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

14. The Class Representative and each Class Member hereby releases the Released Parties, Defense Counsel, the Plan, and Class Counsel for any claims,

7

liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15. The operative Amended Complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

16. The Court shall retain jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Order, or the Settlement Agreement or the termination of the Settlement Agreement.

17. Any motion to enforce this Final Order or the Settlement Agreement may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

18. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

19. With respect to any matters that arise concerning the implementation of

distributions to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

20. Within 21 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

21. Upon entry of this Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Order.

22. The Court hereby finds that the requested amount of attorney fees and costs is reasonable considering the effort expended on this case by Class Counsel, the risks and difficulties inherent in ERISA litigation, the discovery and detailed review thereof, the skill required, and the dedication displayed over the litigation of this matter. Class Counsel has thus far spent about 437.40 hours on this matter, which is reasonable considering the complexity of ERISA class-action cases. Hence, the Court approves the attorneys' fees and costs as requested.

23. The Court hereby approves an incentive service payment of $10,000.00 each to the Class Representatives. The Court finds these amounts to be reasonable, given each of their relative participation in the case. The amounts requested are also reasonable as compared to the size of the overall recovery.

Dated this 6th day of December, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge